**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

| | |
|---|---|
| **SHELIA JENNINGS** | **CIVIL ACTION NO:** |
| *Plaintiff* | **JUDGE:** |
| **VERSUS** | **MAGISTRATE JUDGE:** |
| **WALMART INC.** and **AMIGO MOBILITY INTERNATIONAL, INC.** | **(DEMAND FOR JURY TRIAL)** |
| *Defendants* | |

**COMPLAINT**

COMES NOW, plaintiff, **SHELIA JENNINGS,** by and through her counsel of record who shows unto this Honorable Court, the following:

**I.     THE PARTIES**

1.     Plaintiff, Shelia Jennings, is a resident of Jonesboro, Jackson Parish, Louisiana.

2.     Defendant, Walmart Inc., is a foreign company (with its principal place of business in Bentonville, Arkansas), and authorized to do and doing business in the State of Louisiana, which may be served through its registered agent, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

3.     Defendant, Amigo Mobility International, Inc., is a foreign company, which may be served at its place of business, 6693 Dixie Highway, Bridgeport, MI  48722, through its registered agents, Allan Thieme and/or Beth Thieme.

1

## II.  NATURE OF THE CASE

4. On October 29, 2019, plaintiff, Shelia Jennings, was a customer at the Walmart Supercenter #149 located at 184 Old Winnfield Road, Jonesboro, Louisiana, and owned by defendant, Walmart Inc.

5. Defendant, Amigo Mobility International, Inc., upon information and belief, manufactures and provides motorized shopping carts/scooters to Walmart Inc.  Further, defendant, Amigo,

6. Plaintiff is unable to walk long distances due to health her conditions.  As such, she obtained a motorized shopping cart/scooter at the front of the Walmart store in Jonesboro, Louisiana, in order to complete her shopping needs on the referenced date.

7. As plaintiff placed her hand onto the handlebar, the motorized cart/scooter suddenly and without warning took off without her.

8. This malfunction of the cart/scooter caused plaintiff to fall onto the floor and strike her head and other parts of her body.

## III. JURISDICTION AND VENUE

9. This Court has jurisdiction over Defendant and this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants. The defendants are incorporated and have their principal places of business outside of the state in which the Plaintiff is a citizen.

10. The amount in controversy between Plaintiff and Defendants exceed $75,000, exclusive of interest and cost.

11. Venue is proper within this district pursuant to 28 U.S.C. § 1391 in that Defendants conduct business in Louisiana and are subject to personal jurisdiction in this district.

## V. FACTS

12. Plaintiff, Shelia Jennings, sustained personal injuries as a result of her fall at Walmart in Jonesboro, Louisiana, and was not able to get off the floor following the malfunction of the scooter.

13. Management from WalMart-Stores, Inc. was called to the scene of the fall, and proceed to fill out an incident report and other paper while the plaintiff remained on the floor.

14. Personnel from WalMart Stores completed their paperwork but refused to provide any medical assistance nor assist plaintiff from off the floor.

15. Plaintiff, Shelia Jennings, was forced to contact her sister, who was shopping in the store, on her cell phone to contact an ambulance for medical treatment when the employees of defendant, Walmart, were completed with their investigation.

16. As a result of her injuries, plaintiff was taken, via ambulance, to the emergency room, where she received medical treatment for a concussion and bruises, etc.

17. Plaintiff was humiliated that she remained on the floor as shoppers came and went while the management of WalMart Stores, Inc. completed their paperwork but then still refused to provide any medical treatment to her nor even call an ambulance when same was completed.

18. Since the accident on October 29, 2019, plaintiff has only shopped in any kind of store a few times as she is afraid of suffering a fall similar to the one described herein and/or the humiliation she endured.

19. Plaintiff was advised by defendant, WalMart Stores, Inc., that the motorized scooter/cart had recently been returned for repair from defendant, Amigo Mobility International, at the time of her accident.

20. Further, plaintiff was advised that defendant, Amigo, was therefore responsible

for the damages that she suffered.

## NEGLIGENCE

21. The above described accident and resulting injuries of the plaintiff, Shelia Jennings, are due to the fault and negligence of defendant, WalMart Stores, Inc.

22. Defendant, WalMart Stores, Inc., is liable for the damages alleged herein by the plaintiff based upon the following acts of negligence, to wit:

   (a) Failure to maintain its motorized cart/scooter in a safe condition;

   (b) Failure to inspect the cart/scooter to insure against unsafe conditions;

   (c) Failure to warn customers of the unsafe condition of the cart/scooter;

   (d) Failure to properly patrol and supervise the premises; and

   (e) Allowing the premises to become dangerous without taking precautions to safeguard the safety of its customers; and

   (f) In failing to call an ambulance for its customer.

23. The above described accident and resulting injuries are due to the fault and negligence of defendant, Amigo Mobility International.

24. Defendant, Amigo Mobility International, Inc., is liable for the damages alleged herein by the plaintiff based upon the following acts of negligence, to wit:

   (a) Failure to properly manufacture cart/scooter;

   (b) Failure to properly repair cart/scooter;

   (c) Failure to properly inspect cart/scooter prior to returning same to Walmart;

   (d) Failure to maintain its motorized cart/scooter involved in the accident in a safe condition;

      (e)      Failure to inspect the cart/scooter to insure against unsafe conditions; and

      (f)      Failure to warn customers of the unsafe conditions of the cart/scooter.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants on each of the above-referenced claims and causes of action, as follows:

1. Awarding damages to plaintiff for pain, suffering, emotional distress, loss of enjoyment of life, and other non-economic damages in an amount to be determined at trial of this action;

2. Awarding damages to plaintiff for past and future damages, including, but not limited to, her pain and suffering and for severe and permanent personal injuries including health care costs, and economic loss;

3. Awarding economic damages in the form of medical expenses, out of pocket expenses and other economic damages in an amount to be determined at trial of this action;

4. Pre-judgment interest;

5. Post-judgment interest;

6. Awarding plaintiff's reasonable attorney fees;

7. Awarding plaintiff the costs of these proceedings; and

8. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues.

                        Respectfully submitted,

                        /S/ Richard L. Fewell, Jr.
                        Richard L. Fewell, Jr.
                        La. Bar No. 18891
                        Law Offices of Richard L. Fewell, Jr.
                        1315 Cypress Street
                        P. O. Box 1437
                        West Monroe, LA   71291
                        Telephone: (318) 388-3320
                        Facsimile: (318) 388-3337
                        Email: *fewelllawrichard@gmail.com*